# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: | CASE NO. 21-54898-JWC |
| NEW HAPPY FOOD COMPANY, *et al*,[1] | CHAPTER 11 |
| Debtors. | [Joint Administration Requested] |

## EMERGENCY MOTION FOR ORDER AUTHORIZING THE CONTINUED USE OF EXISTING BANK ACCOUNTS

The above-captioned Debtors and Debtors-in-possession (collectively, the "**Debtors**"), file this motion (the "**Motion**") seeking entry of an order authorizing the maintenance of the Debtors' existing Bank Accounts, respectfully showing the Court as follows:

### BACKGROUND

1. On June 30, 2021 and June 30, 2021 (the "**Petition Dates**") the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and are operating and managing their businesses as Debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: New Happy Food Company (9954), NHC Food Company Inc (6148), and You Nay Khao, an individual.

pursuant to 28 U.S.C. § 157(b). The Debtors consents to the entry of final orders and judgments by the Bankruptcy Court.

4. In 1988, Ms. You Nay Khao ("**Ms. Khao**") and her husband began operating a "mom and pop" grocery store in College Park, Georgia, which has been a successful business for over three decades. A few years later, the business was incorporated as New Happy Food Company ("**New Happy**"). Ms. You Nay Khao and her husband often worked 16-hour days, nearly every day of the year, to make New Happy a successful business, which they did.

5. By 2013, the grocery store had become so successful that it had outgrown its space, and New Happy needed a warehouse. To fill that need, NHC Food Company Inc ("**NHC**") was formed in 2013 in order to operate the warehouse business, which took a few years to get up and running.

6. Sadly, in 2015, Ms. Khao's husband died, leaving the business in the hands of Ms. Khao and her oldest son, Danny. In 2016, NHC's warehouse business was fully operational, and in addition to providing warehousing services for New Happy, NHC has also operated a wholesale business, selling to other small grocers. Even without its founding father, New Happy has experienced continued success, as has NHC.

7. Unfortunately for Ms. Khao and her businesses, her son Danny had a bit of a gambling problem. Without her knowledge, Danny signed Ms. Khao's name to over a dozen loans with merchant credit advance companies ("**MCAs**"), resulting in the Debtors being saddled with very expensive debt at extremely high effective interest rates. Inevitably, the Debtors began having cash flow issues due to the MCA loans. When the MCAs began filing lawsuits and garnishing bank accounts, Danny's activities came to light, and Ms. Khao, New Happy, and NHC were left with no choice but to file for chapter 11 protection to save the businesses and reorganize.

### THE PREPETITION BANK ACCOUNTS

8. Prior to the Petition Dates, the Debtors maintained bank accounts with Metro City Bank and Wells Fargo (the "**Prepetition Bank Accounts**"). A description of the Prepetition Bank Accounts is attached hereto as **Exhibit A**.

9. The Debtors are in the process of opening Debtors-in-possession accounts. However, the Debtors' operations will be severely disrupted if the Prepetition Bank Accounts are closed immediately.

### RELIEF REQUESTED

10. By this Motion, the Debtors seek an order, substantially in the form of the proposed order attached hereto as **Exhibit B**, authorizing the continued use of the Prepetition Bank Accounts for a period not to exceed 30 days from the Petition Dates.

11. The relief requested will help ensure the Debtors' smooth transition into chapter 11 and avoid the havoc that would be wrought if the Debtors were forced to close the Prepetition Bank Accounts immediately and switch over all payments to new debtor-in-possession accounts, while juggling all of the other responsibilities associated with being a debtor-in-possession in the very beginning of a chapter 11 case and managing their businesses during rocky times.

12. The Debtors receive a significant volume of automatic debits and credits from various merchants, and it will require some time to switch all of these over to a new bank account. The Debtors are concerned that if they shut down the Prepetition Bank Accounts too soon, certain payments may be delayed or perhaps not received at all.

13. If the Debtors were forced to close the Prepetition Bank Accounts immediately, the Debtors expect there would be disruption and confusion that would negatively impact their businesses. For instance, funds may be deposited into the wrong account, misapplied, held in

limbo, or otherwise delayed, thus negatively affecting the Debtors' relationships with parties who are necessary to the Debtors' efforts to continue as a going concern and who already may be burdened by the filing of this case. As a result, the Debtors submit that maintenance of the Prepetition Bank Accounts is warranted.

### **BASIS FOR RELIEF**

14.     Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary to carry out the provisions of this title," and section 363(c)(1) of the Bankruptcy Code authorizes the Debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. §§ 105(a), 363(c)(1). The purpose of these sections is to provide a Debtor with the flexibility to engage in the ordinary transactions required to operate its business without undue oversight by creditors or the court. *See Med. MalBusiness Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997).

15.     The Debtors further submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

16.     The Debtors further seek a waiver of any stay of the effectiveness of an order approving this Motion.  As set forth above, the relief requested herein is essential to prevent immediate and irreparable damage to the Debtors' operations and their efforts to pursue a reorganization.

17.     Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rules 6003 and 6004(h).

## Conclusion

**WHEREFORE**, the Debtors pray that this Court grant them (i) authority to continue to maintain and use the Prepetition Bank Accounts for 30 days from the Petition Dates, and (ii) such other relief as the Court deems just and proper.

Dated: June 30, 2021

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Proposed Attorneys for New Happy Food Company and NHC Food Company Inc*

-and-

**WIGGAM & GEER, LLC**

*/s/ Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: (404) 233-9800
F: (404) 287-2767
wgeer@wiggamgeer.com
*Proposed Attorneys for You Nay Khao*

## Exhibit A

### List of Prepetition Bank Accounts

| Account Name | Financial Institution | Account Number | Description |
|---|---|---|---|
| Business Checking | Metro City Bank | ******3679 | New Happy Food Company General Operating Account |
| Business Checking | Wells Fargo Bank | ******9319 | NHC Food Company Inc General Operating Account |
| Personal Checking | Metro City Bank | ******5386 | You Nay Khao Personal Account |

**Exhibit B**

Proposed Order

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In Re: | CASE NO. 21-54898-JWC |
| **NEW HAPPY FOOD COMPANY,** *et al*,[1] | CHAPTER 11 |
| **Debtors.** | [Joint Administration Requested] |

**ORDER GRANTING
EMERGENCY MOTION FOR ORDER AUTHORIZING
THE CONTINUED USE OF EXISTING BANK ACCOUNTS**

This matter came before the Court on _____, 2021 for hearing (the "**Hearing**") on the motion of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: New Happy Food Company (9954), NHC Food Company Inc (6148), and You Nay Khao, an individual.

an order authorizing the continued use of existing bank accounts (the "**Motion**"). Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record at the Hearing, the Motion is GRANTED as set forth herein.[2]

2. The Debtors are authorized, but not directed, to maintain and use their pre-existing bank accounts (the "**Prepetition Bank Accounts**") with Metro City Bank and Wells Fargo Bank (the "**Banks**") for a period not to exceed 30 days from the Petition Dates.

3. Subject to section 553 of the Bankruptcy Code, the Banks are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Prepetition Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the commencement of this bankruptcy case, absent further order of this Court.

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

~ 2 ~

4. The Debtors are authorized to request the Banks, and the Banks are authorized to accept and honor all representations from the Debtors, as to which checks, drafts, wires, or ACH transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the filing of this bankruptcy case.

5. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

6. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Proposed Attorneys for New Happy Food Company and NHC Food Company Inc*

-and-

**WIGGAM & GEER, LLC**

*/s/ Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: (404) 233-9800
F: (404) 287-2767
wgeer@wiggamgeer.com
*Proposed Attorneys for You Nay Khao*

**Distribution List**

William A. Rountree
Benjamin R. Keck
ROUNTREE LEITMAN & KLEIN, LLC

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Will B. Geer
WIGGAM & GEER, LLC
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303

Office of the United States Trustee
Attn: Shawna Staton
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303